THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 2:24-cv-01155

MORGAN HOWARTH,

Plaintiff,

v.

HUNT CONTSTRUCTION COMPANY, INC. and 90 DEGREE BRANDING LLC d/b/a LATIN BRANDING,

Defendants.

---

## COMPLAINT

Plaintiff Morgan Howarth ("Plaintiff") sues defendants Hunt Construction Company, Inc. ("Hunt Construction Company") and 90 Degree Branding LLC d/b/a Latin Branding ("Latin Branding") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Virginia residing in the State of Virginia.

2. Hunt Construction Company is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 215 NW 29th Ter., Cape Coral, FL 33993. Hunt Construction Company's agent for service of process is Steven C. Hunt, 450 Old Bee Line Rd. E., Coolidge, FL 31738.

3. Latin Branding is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 270 E. Douglas Ave., El Cajon, CA 92020. Latin Branding's agent for service of process is Registered Agents Inc, 1401 21st Street, Ste. R, Sacramento, CA, 95811.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus.,

Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff is a professional photographer.

8. During his long-standing career, Plaintiff has taken pictures of countless exteriors and interiors for various clients.

9. Plaintiff maintains a commercial website (at https://www.morganhowarth.com/index) which displays Plaintiff's portfolio.

### II. The Work at Issue in this Lawsuit

10. In 2016, Plaintiff created a professional photograph of a kitchen with an island and stools (titled "1301_Newton_Kitchen_3_F") (the "Work"). A copy of the Work is displayed below:



11. The Work was registered by Plaintiff with the Register of Copyrights on January 19, 2017 and was assigned Registration No. VA-2-038-489. A true and

correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III. Defendants' Unlawful Activities**

13. Hunt Construction Company operates as a commercial and residential home remodeling and painting business.

14. Latin Branding operates as a graphic designing business that promotes on its business website to serve over 2,000 clients throughout the U.S.

15. Hunt Construction Company advertises/markets its business primarily through its website (https://huntconstructionfl.com/), social media (https://www.facebook.com/huntconstructionflorida), and other forms of advertising.

16. Latin Branding advertises/markets its business primarily through its websites (https://latinbranding.com/ and https://brandedstrong.com/), social media (e.g., https://www.youtube.com/@latinbranding, https://www.facebook.com/latinbranding2, and https://www.instagram.com/latinbranding), and other forms of advertising.

17. On June 21, 2023 (after Plaintiff's above-referenced copyright registration of the Work), Defendants displayed and/or published the Work on Hunt

Construction Company's website, webpage, and/or social media (at https://www.facebook.com/huntconstructionflorida, https://www.facebook.com/photo.php?fbid=742390234350242&set=a.556332229622711&type=3&from_lookaside=1, and https://www.facebook.com/huntconstructionflorida/photos):









18. A true and correct copy of screenshots of Hunt Construction Company's website, webpage, and/or social media displaying the copyrighted Work, is attached hereto as **<u>Exhibit "B."</u>**

19. Upon information and belief, Latin Branding was managing Hunt Construction Company's social media pages (including the foregoing Facebook page) at the time the Work was displayed and/or published thereon and its employees/agents caused the Work to be displayed thereon for the benefit of Hunt Construction Company.

20. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

21. Defendants utilized the Work for commercial use.

22. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

23. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on October 24, 2023. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

24. All conditions precedent to this action have been performed or have

been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Hunt Construction Company's website, webpage, and/or social media.

29. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

31. Hunt Construction Company's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Hunt Construction Company understands the importance of copyright protection/intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Latin Branding's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Latin Branding itself utilizes a copyright disclaimer on its websites ("Copyright © 2015-2024. All Rights Reserved. and © 2024 Branded Strong All Rights Reserved"), indicating that Latin Branding understands the importance of copyright protection and intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

33. Defendants' willfulness is further demonstrated by the fact that Defendants have refused and/or failed to remove the Work from Hunt Construction Company's website, webpage, and/or social media notwithstanding multiple communications sent to Defendants (via Federal Express, phone, and email) notifying them of the infringement and demanding that the Work be removed from Hunt Construction Company's website, webpage, and/or social media. <u>See, e.g.</u>

Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Hunt Construction Company's website, webpage, and/or social media.

34. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

35. Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which

amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendants' conduct.

38. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: December 17, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/_Daniel DeSouza
Daniel DeSouza, Esq.
Florida Bar No.: 19291